UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

RAUL ALVAREZ,                                                Case No. _____

    Plaintiff,

vs.

LIBERTY SPECIALTY SERVICE, LLC, a Florida
Limited Liability Corporation, and
ALEX SORSHER,
Individually

    Defendant.
_____/

## COMPLAINT

**COMES NOW**, the Plaintiff, RAUL ALVAREZ (hereinafter "ALVAREZ"), by and through his undersigned counsel, and files this Complaint against Defendant, LIBERTY SPECIALTY SERVICE, LLC. (hereinafter "LIBERTY SPECIALTY SERVICE") and ALEX SORSHER (hereinafter "SORSHER"), individually, and in support alleges as follows:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216 and brought by ALVAREZ to recover from LIBERTY SPECIALTY SERVICE unpaid overtime wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees.

2. ALVAREZ is over the age of 18, resides in Miami-Dade County, Florida at 11248 NW 2ND TERRACE, MIAMI, FL 33174, and is otherwise *Sui Juris*.

3. Defendant, LIBERTY SPECIALTY SERVICE, at all relevant times, is a Florida Corporation with its principal place of business located at 819 PEACOCK PLAZA 215.

KEY WEST, FL 33040 and whose registered agent is ALEX SORSHER located at 2500-1 N STATE ROAD 7. HOLLYWOOD, FL 33021.

4. The Defendants' business activities involve those to which the Fair Labor Standards Act applies.

5. The Defendants' business and the Plaintiff's work for the Defendants affected interstate commerce for the relevant time period as the materials and goods that Plaintiff used on a constant and/or continual basis and/or that were supplied to him by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same.

6. The Plaintiff's work for the Defendant was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendant.

7. The Defendants also regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

8. Upon information and belief, LIBERTY SPECIALTY SERVICE's gross sales or business exceeded $500,000.00 for the relevant time periods alleged in this complaint.

9. All of the relevant events alleged in this complaint occurred in Key West.

## COMMON FACTUAL ALLEGATIONS

10. From on or about January 2014 through November 2015, ALVAREZ worked for LIBERTY SPECIALTY SERVICE.

11. From on or about January 2014 through April 2014, ALVAREZ was compensated at a rate of $10.00 per hour for the work he performed for LIBERTY SPECIALTY SERVICE.

12. From on or about January 2014 through April 2014, ALVAREZ was supposed to be compensated at a rate of $15.00 per hour for all work performed in overtime.

13. From on or about May 2014 through November 2015, ALVAREZ was compensated at a rate of $13.00 per hour for the work he performed on behalf of LIBERTY SPECIALTY SERVICE.

14. From on or about May 2014 through November 2015, ALVAREZ was supposed to be compensated at a rate of $19.50 per hour for all work performed in overtime.

15. From on or about January 2014 through April 2014, ALVAREZ was not paid overtime as required by state and federal law. During this period ALVAREZ worked a total of 448 hours in excess of her regular forty (40) hour work week.

16. From on or about May 2014 through November 2015, ALVAREZ was not paid overtime as required by state and federal law. During this period ALVAREZ worked a total of 1,614 hours in excess of her regular forty (40) hour work week.

17. In total, ALVAREZ did not receive approximately **$38,193.00** in overtime pay for the work that he performed for LIBERTY SPECIALTY SERVICE from on or about January 2014 through November 2015.

### COUNT I: VIOLATION OF THE FAIR LABOR STANDARDS ACT (OVERTIME WAGE VIOLATION)

18. Plaintiff readopts and realleges all the allegations contained within Paragraphs 1 through 17.

19. This is an action to collect unpaid overtime wages under the Fair Labor and Standard Act, 29 U.S.C. § 201 *et. seq.* (the "FLSA").

20. Concurrent jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216 (b).

21. 29 U.S.C. § 207 (a) (1) requires that employer compensate an employee at least at one and half times the employee's regular rate for hours an employee works in excess of forty (40) hours in any work week.

22. From on or about January 2014 through April 2014, ALVAREZ worked approximately 448 hours in excess of the forty (40) hour work week for LIBERTY SPECIALTY SERVICE.

23. Defendants did not pay ALVAREZ at all for the 448 hours that ALVAREZ worked in excess of the forty (40) hour work week for LIBERTY SPECIALTY SERVICE.

24. As per the Fair Labor and Standard Act, 29 U.S.C. § 201 *et. seq.*, ALVAREZ should have been paid at a rate of $15.00 per hour by the Defendants for the approximately 448 hours that ALVAREZ worked in excess of the forty (40) hour work week for LIBERTY SPECIALTY SERVICE.

25. Subsequently, from on or about May 2014 through November 2015, ALVAREZ worked approximately 1,614 hours in excess of the forty (40) hour work week for LIBERTY SPECIALTY SERVICE.

26. Defendants did not pay ALVAREZ at all for the 1,614 hours that ALVAREZ worked in excess of the forty (40) hour work week for LIBERTY SPECIALTY SERVICE.

27. As per the Fair Labor and Standard Act, 29 U.S.C. § 201 *et. seq.*, ALVAREZ should have been paid at a rate of $19.50 per hour by the Defendants for the approximately

1,614 hours that ALVAREZ worked in excess of the forty (40) hour work week for LIBERTY SPECIALTY SERVICE.

28. In total, Defendants were required to pay ALVAREZ approximately **$38,193.00** for the approximately 2,060 hours that ALVAREZ worked in excess of the forty (40) hour work week for LIBERTY SPECIALTY SERVICE.

29. As a result of the Defendants failure to pay ALVAREZ at the proper rate of pay for the approximately 2,060 hours that ALVAREZ worked in excess of the forty (40) hour work week for LIBERTY SPECIALTY SERVICE, Defendants have violated the Fair Labor and Standard Act, 29 U.S.C. § 201 *et. seq.* when ALVAREZ was not paid approximately **$38,193.00**.

30. Defendants willfully and intentionally refused to pay ALVAREZ's overtime wages as required by the FLSA as Defendants knew of the Federal Overtime Wage requirements of the FLSA and recklessly failed to investigate whether their payroll practices were in accordance with the FLSA.

31. Furthermore, ALVAREZ demanded the **$38,193.00** due as a result of Defendants' violation of the Federal Overtime Wage requirements of the FLSA through a letter by ALVAREZ's counsel, but Defendants never responded to this demand with these unpaid wages.

**WHEREFORE**, the Plaintiff requests double damages and reasonable attorney's fees from Defendant, pursuant to Fla. Stat. § 448.110 and Fla. Stat. § 448.08, to be proven at the time of trial for all wages still owing from Plaintiff's entire employment period with Defendant, along with court costs, interests, and any such other relief that this Court finds reasonable under the circumstances.

Respectfully submitted,

**CORONA LAW FIRM, P.A.**
3899 NW 7th Street, 2nd Floor
Miami, Florida 33126
Telephone: (305) 266-1150
Facsimile: (305) 266-1151
Primary Email: amorgado@coronapa.com
Second Email: crm@coronapa.com

By: _____
RICARDO R. CORONA, ESQ.
Florida Bar No.: 111333
Allyson Morgado, Esq.
Florida Bar No.: 91506